IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2013

## JAMEEL CHILDRESS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County
Nos. 98-01724, 98-01632, 98-02535-37, 98-028250-51
Mark Ward, Judge**

_____

**No. W2012-02104-CCA-R3-HC - Filed March 1, 2013**

_____

The petitioner, Jameel Childress, appeals the habeas corpus court's summary dismissal of his petition for the writ of habeas corpus. In January, 1999, the petitioner pled guilty, in seven separate cases, to two counts of robbery, two counts of aggravated robbery, two counts of unlawful possession of a controlled substance, and one count of theft of property over $1000. Because all sentences imposed in the case were ordered to be served concurrently, the petitioner received an effective sentence of nine years in the Department of Correction. On appeal, he contends that the habeas corpus court erred in dismissing his petition because the sentences imposed are illegal, as they were statutorily required to be served consecutively because the petitioner was on bond when the offenses were committed. Following review of the record, we affirm the dismissal of the petition for relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Jameel Childress, Mason, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Senior Counsel; Amy P. Weirich, District Attorney General; and Alanda Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History and Factual Background**

In February, 1997, the petitioner was indicted and arrested for two counts of robbery. Thereafter, he was released on bond. In the ensuing months of 1997, the petitioner committed and was indicted for two counts of aggravated robbery, two counts of unlawful possession of a controlled substance, and theft of property over $1000. The petitioner was released on bond after the arrest in each case. In January, 1999, the petitioner, pursuant to a negotiated plea agreement, pled guilty, in the seven separate cases, to each of the charged offenses. The trial court thereafter imposed the agreed-upon sentences of three years for the robbery convictions, nine years for the aggravated robbery convictions, eight years for the possession convictions, and two years for the theft conviction. The sentences were ordered to be served concurrently for an effective sentence of nine years in the Department of Correction. No direct appeal appears to have been filed in the case.

On July 18, 2012, the petitioner, proceeding pro se, filed the instant petition for the writ of habeas corpus, although it is styled as a "Motion for Relief from Void Judgments." As his sole assertion in the petition, he contends that his judgments of conviction are void because concurrent sentencing was imposed while consecutive sentencing was mandated by Tennessee Code Annotated section 40-20-111 and Tenn. R. Crim. P. 32(c)(3). He makes this assertion because he was released on bond in the earlier cases when he committed the latter offenses. The petitioner did include documentation establishing that the later crimes were committed while he was released on bond.

The trial court summarily dismissed the petition for relief concluding the petitioner's claim was precluded by Tennessee Code Annotated section 29-21-101(b)(1), as amended in 2009, because his judgments were imposed "pursuant to a guilty plea and negotiated sentence." The court noted that the petitioner had failed to state a cognizable claim for relief and, further, had failed to include the necessary attachments required by law. The petitioner filed a timely notice of appeal.

**Analysis**

On appeal, the petitioner asserts that the trial court erred in summarily dismissing his petition for the writ of habeas corpus. The determination of whether habeas corpus relief should be granted is a question of law. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). Thus, this court's review is de novo with no presumption of correctness given to the findings and conclusions of the habeas corpus court.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15

of the Tennessee Constitution. *See also* T.C.A. § 29-21-101, et seq, (2010). However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." *Id*. at 163 (internal quotations omitted). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor*, 995 S.W.2d at 83. In contrast,

> a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

*Hickman v. State*, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citations and quotations omitted); *see also Summers*, 212 S.W.3d at 256. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. *Hickman*, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate the convictions are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

It has been recognized that a sentence imposed in direct contravention of a statute is void and illegal. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). The petitioner is correct that Tennessee Code Annotated section 40-20-111(b) provides that if a defendant commits a felony while on bail "and the defendant is convicted of both offenses, the trial judge . . . shall order that the sentences be served cumulatively." Further, Tennessee Rule of Criminal Procedure 32(c)(3) also provides that:

> [w]hen a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of

convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:

. . . .

(C) to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses[.]

Thus, the petitioner is correct in that his sentences should have been imposed consecutively, as he was released on bond at the time he committed the latter offenses. However, as pointed out by the habeas corpus court, in 2009, our legislature amended our habeas corpus statutes to further restrict the grounds upon which relief could be granted. As relevant in this case, the amendment provided that:

(b) Persons restrained of their liberty pursuant to a guilty plea and negotiated sentence are not entitled to the benefits of this writ on any claim that:

(1) The petitioner received concurrent sentencing where there was a statutory requirement for consecutive sentencing[.]

T.C.A. § 29-21-101(b) (2009). "Essentially, the General Assembly stated that three categories of alleged grounds for relief, whenever a person is sentenced pursuant to a guilty plea and a negotiated sentence, cause the judgment to be merely *voidable* and **not** void." *Kenneth Rich v. State*, No. W2011-00891-CCA-R3-HC (Tenn. Crim. App., at Jackson, Jul. 25, 2012) (emphasis in original). The amendment to the statute applies to all habeas corpus petitions filed on or after June 11, 2009. *Tommy F. Poe v. Tony Parker, Warden*, No. W2010-00679-CCA-R3-HC (Tenn. Crim. App., at Jackson, Oct. 22, 2010).

Again, it was this amended provision upon which the habeas corpus court relied to deny relief in this case. Indeed, the petitioner himself acknowledges that if that section is applicable to his case, then he is entitled to no relief, and we agree. In this case, the petitioner entered into and was sentenced pursuant to a negotiated plea agreement. His only complaint in the petition was that he was sentenced concurrently instead of consecutively as required by law. It appears clear that the statute in question would preclude relief.

The petitioner argues that the statute, as amended, should not be applicable to his case because it "constitutes an unconstitutional ex post facto law." He argues it is unconstitutional to apply the 2009 amended provisions to his 1999 convictions. However,

the constitutionality issue is raised by the petitioner for the first time on appeal. "A party may not raise an issue for the first time in the appellate court." *State v. Turner*, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995). As point out by the State, "this rule applies to an attempt to make a constitutional attack upon the validity of a statute for the first time on appeal unless the statute involved is so obviously unconstitutional on its face as to obviate the necessity for any discussion." *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983). That exclusion is not applicable in this case. Thus, by his failure to previously raise the issue, the petitioner has waived its review on appeal.

Regardless, as also pointed out by the State, the constitutionality issue is moot and not necessary to our determination of the petitioner's appeal. We note that our supreme court has cautioned that "courts do not decide constitutional questions unless resolution is absolutely necessary to determining the issues in the case and adjudicating the rights of the parties." *State v. Taylor*, 70 S.W.3d 717, 720-21 (Tenn. 2002). As explained below, review is not necessary to resolve this case, and we decline to address the issue.

In this case, the petitioner was convicted and sentenced in 1999 to an effective term of nine years. That sentence expired several years previously, and the petitioner is no longer in custody on these charges. Indeed, in his brief, the petitioner acknowledges that he is now in federal custody awaiting sentencing on a federal charge. However, he contends that he is still "restrained" by his 1999 convictions because those convictions will be used to "drastically raise his potential sentence under the federal sentencing guidelines." His argument is incorrect.

Under Tennessee Code Annotated section 29-21-101 (a), habeas corpus relief is only available if the petitioner is "imprisoned or restrained of liberty." While the term "restrained of liberty" has been broadly defined to include any restraint on freedom of action or movement, the Tennessee Supreme Court has interpreted this requirement to mean that the challenged judgment must itself restrain the petitioner of his or her freedom of action or movement. *Hickman*, 153 S.W.3d at 22-23; *see also Summers*, 212 S.W.3d at 257; *Benson v. State*, 153 S.W.3d 27, 32 (Tenn. 2004). The court in *Hickman* concluded that "when the restraint on a petitioner's liberty is merely a collateral consequence of the challenged judgment, habeas corpus is not an appropriate avenue for seeking relief." *Hickman*, 153 S.W.3d at 23 ("Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired."); *see also Benson*, 153 S.W.3d at 32.

That is the situation which the petitioner finds himself in. He has served his sentences and is no longer "imprisoned or restrained of liberty" by them. He complains now only of

subsequent use of these convictions to enhance a federal sentence, which, as noted, is only a collateral consequence. As such, the issue is moot, and he is not entitled to habeas corpus relief. *See Mack T. Transou v. Ricky Bell, Warden*, No. M2010-00652-COA-R3-CV (Tenn. Ct. App., Dec. 21, 2011). As pointed out, "[t]he doctrine of justiciability prompts courts to stay their hand in cases that do not involve a genuine and existing controversy requiring the present adjudication of present rights." *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994).

## CONCLUSION

Based upon the foregoing, the summary dismissal of the petition for writ of habeas corpus is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE